IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

LEO DENIS

MAGISTRATE NO. ~~07-1336~~

08-cr-691

## MEMORANDUM AND ORDER

Henry S. Perkin                                                    November 26, 2008
United States Magistrate Judge

I.     **Introduction**

The Defendant, Leo Denis, was charged in a criminal complaint and warrant with the

violation of Title 18, United States Code, Section 115(a)(1)(B).  According to the Complainant's

Statement of Facts Constituting the Offense or Violation: "On or about November 6, 2007, Leo

Denis did threaten to assault an official whose killing would be a crime under Title 18, United

States Code, Section 1114, with the intent to impede, intimidate, and interfere with such official

while engaged in the performance of official duties and with intent to retaliate against such

official on account to the performance of official duties."

II.    **Procedural Background**

On October 30, 2008, the Defendant appeared before me for to a preliminary examination

regarding probable cause for his arrest as well as a hearing on the United States motion to detain[1]

the Defendant.

---

[1]        I initially ordered the Defendant to be detained on October 30, 2008 but permitted
him to present evidence to support his request for release with conditions based upon his
assertion that he could live with his daughter.  I held a second hearing on October 31, 2008 at
which time I determined that his daughter would not agree to permit the Defendant to reside with
her.  I then reaffirmed my detention order of October 30.

The United States proceeded with the hearing on probable cause by presenting the testimony of Special Agent Jesse A. Kunkle.[2]  Agent Kunkle testified that the information set forth in his affidavit attached to the complaint was true and correct.  Counsel for the Government then rested.  Following his cross-examination of Agent Kunkle, counsel for Defendant orally moved to dismiss the complaint and warrant.  Counsel asserted that the Government had not produced evidence that the victim, Chantelle San Juan, was an "official" as referred to in 18 U.S.C. §115(a)(1)(B).  I continued the matter until October 31, 2008 to permit the Defendant to file a written motion to dismiss the complaint and warrant and for the parties to submit memoranda in support of their respective positions.  The parties have done so and this matter is now before me for a decision.

**III.   Question Before the Court**

Whether the evidence as presented, through the testimony of Agent Jesse A. Kunkle and his affidavit, demonstrate that the victim, Chantelle San Juan, was an "official" for purposes of 18 U.S.C. §115(a)(1)(B).

**IV.   Discussion**

**A.   Standard for Probable Cause**

An affidavit of probable cause must state facts showing the "fair probability" that the proposed target of arrest engaged in criminal activity.  *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000); *see Illinois v. Gates*, 462 U.S. 213, 235, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). The contents of the affidavit should enable the Magistrate Judge to make a practical, common-sense decision whether, considering the totality of the circumstances, probable cause

---

[2]      According to the affidavit, Jesse A. Kunkle is a Special Agent for the Federal Protective Service, United States Department of Homeland Security, Immigration and Customs Enforcement.

2

exists to arrest the person accused. *Gates*, 462 U.S. at 232, 238 (probable cause "is a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules."); *see United States v. Ventresca*, 380 U.S. 102, 108, 85 S. Ct. 741, 13 L. Ed. 2d 684 (1965); *Aguilar v. Texas*, 378 U.S. 108, 113, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964) *abrogated on other grounds by Gates*, 462 U.S. at 228. The facts may be derived from the personal observations of the affiant or from hearsay evidence, *Ventresca*, 380 U.S. at 108, but the affidavit must disclose which information is based on the affiant's own personal observations and which information is hearsay, *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 565, 91 S. Ct. 1031, 28 L. Ed. 2d 306 (1971). The requirement that an affidavit state facts rather than conclusions preserves the Fourth Amendment's requirement that "the inferences from the facts which lead to the complaint '(must) be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.'" *Aguilar*, 378 U.S. at 112-13 (*quoting Johnson v. United States*, 333 U.S. 10, 14, 68 S. Ct. 367, 92 L. Ed. 436 (1948)); *accord Gates*, 462 U.S. at 239.  A Magistrate Judge "should not accept without question the complainant's mere conclusion." *Aguilar*, 378 U.S. at 113; *accord Gates*, 462 U.S. at 239.

**B.     Complaint and Warrant**

The Defendant is charged under 18 U.S.C. §115(a)(1)(B), which provides that it is a criminal offense to threaten "a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under [18 U.S.C. §1114].[3]

---

[3]     18 U.S.C. §1114 provides as follows:
Whoever kills or attempts to kill any officer or employee of the United States or of any agency in

3

Defendant contends that Ms. San Juan is not an "official" as referred to in 18 U.S.C.

§115(a)(1)(B), but is, instead, just a government employee.  In support of his argument,

Defendant relies primarily on *United States v. Fenton*, 10 F. Supp. 2d 501 (W.D. Pa. 1998),

which held that legislative aides are not "officials" within the meaning of 18 U.S.C.

§115(a)(1)(B).[4]

    The United States asserts that *Fenton* is not binding authority and has never been

followed by any other court.  In support of its position, the United States cites *United States v.*

*Bankoff*, 2008 WL 75081 (E.D. Pa. March 21, 2008), a case which was decided by United States

District Judge Michael Baylson.  The United States argues that, in that case, Judge Baylson

denied a similar motion to dismiss wherein the defendant argued that the alleged victims were

not "federal officials".  The Government's response, however, fails to acknowledge that a further

Memorandum in the *Bankoff* case was issued on August 22, 2008, wherein Judge Baylson later

acquitted the same defendant after determining, *inter alia*, that the testimony at trial was

insufficient to conclude that one of the victims was a federal official.  *See United States v.*

---

any branch of the United States Government (including any member of the uniformed services)
while such officer or employee is engaged in or on account of the performance of official duties,
or any person assisting such an officer or employee in the performance of such duties or on
account of that assistance, shall be punished--

(1) in the case of murder, as provided under section 1111;
(2) in the case of manslaughter, as provided under section 1112; or
(3) in the case of attempted murder or manslaughter, as provided in section 1113.

    [4]    In *Fenton*, the defendant was alleged to have threatened to assault and murder the
legislative aide to United States Representative John P. Murtha in violation of 18 U.S.C.
§115(a)(1)(B).  The defendant, however, argued that a legislative aide was a government
employee, and not a government official protected by 18 U.S.C. §115(a)(1)(B).  The court agreed
with the defendant on this issue and dismissed the count of the indictment that arose under 18
U.S.C. §115(a)(1)(B).  *Fenton*, 10 F. Supp. 2d at 503.

*Bankoff*, 2008 WL 4058699 (E.D. Pa. August 22, 2008).

In *Bankoff*,[5] the defendant was found guilty on two counts of the indictment, which charged him with threatening public officials[6] in violation of 18 U.S.C. §115(a)(1)(B). Following a Renewed Motion for Judgment of Acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, however, Judge Baylson acquitted the defendant of one of these counts after determining that the evidence was not sufficient for a reasonable jury to conclude that one of the victims was a federal official.[7]  The court found that this particular victim, a service representative with the Social Security Administration, performed routine and subordinate functions.  More specifically, Judge Baylson noted the following with respect to the victim's job duties:

> [t]he evidence indicates that she answered the telephone, responded to the questions she could answer, and forwarded the questions she could not answer.  The [government] did not present evidence suggesting that [the victim] made decisions on behalf of the federal government or exercised governmental functions.

*Bankoff*, 2008 WL 4058699, at *3.

In the present case, Agent Kunkle was asked on cross examination whether he knew the functions and duties of the victim, Ms. San Juan.  He testified that although Ms. San Juan was a

---

[5]     This information is taken from the facts stated in the *Bankoff* Memorandum dated August 22, 2008.  *United States v. Bankoff*, 2008 WL 4058699 (E.D. Pa. August 22, 2008).

[6]     At trial, Judge Baylson instructed the jury that "[a]n official is authorized to exercise governmental functions and to make decisions on behalf of the government.  An official is a person who is authorized to exercise his or her discretion in the performance of his or her government duties, as distinguished from an employee who performs routine and subordinate functions." *Bankoff*, 2008 WL 4058699, at *1.

[7]     This order was appealed to the United States Court of Appeals for the Third Circuit on August 26, 2008 and is presently pending at USCA Case Number 08-3688.

5

contact representative, he was not specifically aware of her job responsibilities or functions. In fact, he was unable to state whether she took an oath of office or whether she had any supervisory or decision making authority. Agent Kunkle merely testified that Ms. San Juan received initial contact and screened phone calls most of the time. He further assumed that she would be responsible for reporting something up the chain of command if she was unsure how to handle it. Based on this testimony, I conclude that the United States presented no evidence which would allow me to determine that Ms. San Juan is a federal official who should be protected under 18 U.S.C. §115(a)(1)(B). To the contrary, it appears that Ms. San Juan's position is actually very similar to the position of the victim in the *Bankoff* case discussed above. *See Bankoff*, 2008 WL 4058699, at *3. In this case, as in *Bankoff*, the government failed to present any evidence suggesting that Ms. San Juan "made decisions on behalf of the federal government or exercised governmental functions." *Id.*

As such, I find that the government has not put forth sufficient evidence to support a finding of probable cause for the complaint and warrant in this case. The Defendant's Motion to Dismiss the Complaint and Warrant is granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

LEO DENIS

MAGISTRATE NO. ~~07-1556~~

08-cr-691

**FILED**

NOV 2 6 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, this 26th day of November, 2008, upon consideration of Defendant's

Motion to Dismiss the Complaint and Warrant (Document No. 14), which motion was filed

October 30, 2008; and upon consideration of the Government's Response to the Defendant's

Motion to Dismiss the Complaint (Document No. 15), which response was filed October 31,

2008,

**IT IS ORDERED** that defendant's motion is **GRANTED.**

BY THE COURT:

HENRY S. PERKIN
United States Magistrate Judge